United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Florence Jackson, § § § *Plaintiff,* § § v. § § Texas Stevedoring Services, LLC, § § *Defendant.* § § § § | Case No. 4:21-cv-01566 |

## MEMORANDUM AND RECOMMENDATION

In this employment dispute, Plaintiff Florence Jackson moved for entry of default because Defendant Texas Stevedoring Services, LLC had not appeared. Dkt. 8. Texas Stevedoring then appeared and filed a motion for judgment on the pleadings, seeking dismissal of Jackson's claims. Dkt. 9. Texas Stevedoring also raised a challenge to federal jurisdiction. Dkt. 19 ¶ 5.

Because one of Jackson's theories alleges that Texas Stevedoring's failure to comply with the collective bargaining agreement caused her to lose a week's pay, the Labor Management Relations Act ("LMRA") supports jurisdiction. It is therefore recommended that this Court conclude that federal question jurisdiction exists over that breach-of-contract theory.

As for Jackson's pending motion for default, Jackson has acknowledged—on the record—that her motion is moot in light of Texas Stevedoring's appearance in the case. The undersigned agrees and recommends that Jackson's motion for default be denied.

Also on the record, Texas Stevedoring abandoned its motion to dismiss with respect to Jackson's breach-of-contract claims. As for Jackson's separate claim for intentional infliction of emotional distress, it is recommended that the Court grant Texas Stevedoring's request for dismissal of that claim.

## Background

In August of 2017, Plaintiff Florence Jackson was serving as a longshoreman for Defendant Texas Stevedoring Services, LLC as part of the CBA between the company and Jackson's labor union, Local 24. Dkt. 1 ¶¶ 4.1-4.2. During that time, Jackson engaged in a physical altercation with a fellow longshoreman, Erin Smith. *Id.* ¶ 4.3. After this altercation, both Jackson and Smith were suspended from work for seven days. *Id.* ¶ 4.5. Jackson claims that she was suspended without pay, whereas Smith was allowed to continue working and earning pay. *Id.* According to Jackson, Smith should have been suspended for thirty days under the CBA's disciplinary rules. *Id.* ¶ 4.7.

Jackson alleges that she filed a grievance with Texas Stevedoring to challenge the disciplinary decision. *Id.* ¶ 4.6.; Dkt. 1-6, PX-F. Although she does not specify when the grievance was filed, documents attached to

Jackson's complaint suggest that Texas Stevedoring's decision was upheld in early September, 2018. Dkt. 1-5, PX-E (unsigned copy of decision by Joint Productivity Review Committee).

On May 12, 2021, Jackson filed this suit. Dkt. 1. Invoking the LMRA as a basis for federal jurisdiction, Jackson alleges that Texas Stevedoring breached the CBA's anti-discrimination policy by suspending her, a Black woman, without pay while permitting Smith, who is white, to continue working with pay. *Id.* ¶¶ 5.1-5.2. Jackson further contends that Texas Stevedoring violated the CBA's disciplinary guidelines by failing to suspend Smith for thirty days. *Id.* ¶ 5.3.

In addition, Jackson asserted a state-law claim for intentional infliction of emotional distress stemming from Texas Stevedoring's alleged mishandling of the disciplinary process. *Id.* ¶ 6.1. The Complaint alleges that Texas Stevedoring's conduct caused her to lose benefits and wages and to suffer emotional distress. Dkt. 1 ¶¶ 5.1-7.1.

After Texas Stevedoring failed to timely answer, Jackson moved for entry of default. Dkt. 8. Before that motion was resolved, Texas Stevedoring appeared and filed a motion that invoked Fed. R. Civ. P. 12(b)(6), but is styled as a "Motion for Judgment on the Pleadings." Dkt. 9. Texas Stevedoring also responded to the motion for default. Dkt. 11. Notably, in the Joint Discovery Case Management Plan, Texas Stevedoring questioned whether the LMRA

3

supports federal question jurisdiction. Dkt. 19 ¶ 5.

The Court held a scheduling conference on June 10, 2022, where the pending motions were discussed. On the record, Jackson agreed that Texas Stevedoring's appearance mooted her motion for default. *See* Recording of June 10, 2022_Hrg., at 10:02:00-10:03:00. At the same hearing, Texas Stevedoring narrowed the scope of its motion to dismiss to target solely Jackson's state-law claim for intentional infliction of emotional distress. *Id.* at 10:08:30-10:09:15 (withdrawing challenge to claim for breach of the CBA).

## Legal Standard

Although Texas Stevedoring's motion invokes Rule 12(b)(6), it is also entitled "Motion for Judgment on the Pleadings."[1] Dkt. 9. The Court treats it as a motion for judgment on the pleadings governed by Rule 12(c) because a Rule 12(b)(6) motion would be untimely.

A party may move for judgment on the pleadings "after the pleadings have closed—but early enough not to delay trial ...." Fed. R. Civ. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same standard used for deciding motions to dismiss pursuant to Rule 12(b)(6)." *Q Clothier New*

---

[1] Compounding the procedural confusion, the body of Defendant's motion invokes the *summary judgment* standard and attaches evidence extrinsic to the complaint. Dkt. 9 at 2-3 (attaching evidence); *id.* at 3-4 (asserting that "no genuine issue of material fact exists"). At this stage of proceedings, the Court disregards Defendant's evidence, confining its analysis to the face of the complaint and the documents attached to and referenced therein.

4

*Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "the complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56).

## Analysis

### I. The LMRA Confers this Court with Jurisdiction over Plaintiff's Claim for Lost Wages Resulting from a Breach of the CBA.

Texas Stevedoring has questioned the existence of federal jurisdiction under 28 U.S.C. § 1331. Dkt. 19 ¶ 5. According to Texas Stevedoring, the LMRA does not authorize an employee to sue for breach of a collective bargaining agreement. *Id.*

As addressed below, Texas Stevedoring's challenge to federal jurisdiction does not comport with controlling law. But as part of the Court's duty to examine its own jurisdiction, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), the Court finds that Plaintiff lacks standing to assert one of her theories that Texas Stevedoring breached the CBA.

To invoke this Court's jurisdiction, Jackson must have standing to sue.

5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). That, in turn, requires a plaintiff to demonstrate (1) a "concrete and particularized" injury in fact (2) that is fairly traceable to the defendant's conduct and (3) redressable by this Court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (internal citations omitted).

Under the LMRA, a plaintiff has standing to enforce a collective bargaining agreement if she seeks to vindicate a "uniquely personal" interest, rather than a right belonging to all union members. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Uniquely personal interests include rights such as "wages, hours, overtime pay, and wrongful discharge." *Id.* (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 198-200 (1962)).

The Fifth Circuit's decision in *Gutierrez v. United Foods, Inc.*, 11 F.3d 556 (5th Cir. 1994), is instructive. In *Gutierrez*, union members sued an employer for allegedly breaching a "successors and assigns clause" that bound a facility's subsequent purchasers to the CBA with their union. *Id.* at 557. Analyzing *Smith* and *Hines*, the Fifth Circuit noted that the "line between personal and collective rights is not entirely pellucid." *Id.* at 560. Nonetheless, the *Gutierrez* court held that the enforcement of a successors-and-assigns clause "cannot be fairly described as a personal right, much less a uniquely personal one." *Id.* Instead, the right at issue "ran to *all* United Foods employees in equal measure." *Id.*

6

These authorities confirm that the LMRA gives Jackson standing to challenge Texas Stevedoring's alleged failure to comply with the CBA's disciplinary policy to the extent that the non-compliance impacted her uniquely personal interests. Only one of Jackson's theories meets that test.

For her first theory, Jackson asserts that Texas Stevedoring violated the CBA by failing to impose a thirty-day suspension on her co-worker, Erin Smith, for the alleged altercation. Dkt. 1 ¶ 5.3; Dkt. 1-7 at 18-19. Yet Jackson does not tie the alleged violation to her uniquely personal interests. At best, Plaintiff has a generalized interest in the uniform application of the CBA's disciplinary policies. Yet only Jackson's union can enforce that right, which runs to all union members "in equal measure." *See Gutierrez*, 11 F.3d at 560.

Plaintiff's second theory is different; it asserts that Texas Stevedoring deprived her of a week's pay by suspending her in violation of its non-discrimination obligation in the CBA. *See* Dkt. 1 ¶ 5.2. As *Hines* and *Gutierrez* point out, "wages, hours, overtime pay, and wrongful discharge" are uniquely personal interests for which LMRA gives an employee standing to sue. *See Hines*, 424 U.S. at 562; *Gutierrez*, 11 F.3d at 559. Accepting Jackson's allegations as true—which is necessary at this juncture, *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (standard for resolving facial attacks to jurisdiction)—she has standing to pursue her breach-of-CBA claim that seeks lost pay or benefits stemming from Texas

7

Stevedoring's alleged violation of the CBA. The LMRA provides federal jurisdiction over that claim.

## II. Jackson Failed to State a Claim for Intentional Infliction of Emotional Distress.

As noted above, Texas Stevedoring abandoned its challenge to Jackson's claim for breach of the CBA. *See* Recording of June 10, 2022 Hrg., at 10:08:30-10:09:15. Accordingly, the Court need not analyze whether Jackson's second theory (for which she has standing) would survive a Rule 12(b)(6) challenge.

Texas Stevedoring does, however, maintain that Jackson's IIED claim is barred by the two-year limitations period under Texas law. Tex. Civ. Prac. & Rem. Code § 16.003(a); Dkt. 9 at 4. Jackson responds that limitations should be extended either because Texas Stevedoring committed a "continuing tort" or through the doctrine of equitable tolling. Dkt. 24 at 2.

More glaring, however, is the question of whether the LMRA preempts Jackson's state-law IIED claim. The Court asked both parties to address this dispositive issue, which was raised in the authorities cited in Jackson's own supplemental briefing. Dkt. 23 at 2 (citing *Thomas v. LTV Corp.* 39 F.3d 611, 619 (5th Cir. 1994)); *see also* Dkt. 22 at 4 (subsequently stricken by Dkt. 23); Dkt. 24 at 2 (Jackson citing *Thomas* again); *id.* at 3 (arguing against preemption); Dkt. 25 at 2 (Texas Stevedoring arguing for preemption); *see also, e.g.*, *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 761, 764 (5th Cir.

8

1989) (affirming district court's *sua sponte* dismissal of state law claims as preempted by the Employee Retirement Income Security Act of 1974).

The LMRA is one of the few federal statutes that completely preempts and thus displaces certain state law claims. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003). As Jackson's cited authority recognizes, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Lingle*, 486 U.S. 399, 406 (1988). And, in *Thomas*, the Fifth Circuit held that the LMRA preempts a plaintiff's state tort claim, including for IIED, when that claim hinges on the employer's obligations under a CBA. 39 F.3d at 619.

Jackson tries to distinguish *Thomas* by asserting that her IIED claim "only 'tangentially'" implicates the CBA's provisions. Dkt. 24 at 3. To the contrary, Jackson's claim is virtually identical to the one found preempted in *Thomas*. Like the plaintiff in *Thomas*, Jackson asserts that her employer committed extreme and outrageous conduct by mishandling her disciplinary process. *Compare* Dkt. 1 ¶ 6.1 (alleging that Texas Stevedoring "acted intentionally or recklessly in mishandling her assault issue and suspending her while her assailant continued to work and be paid" and acting with "discriminatory purpose"), *with Thomas*, 39 F.3d at 619 (plaintiff alleged "that

9

LTV's 'extreme and outrageous conduct' in the handling of the disciplinary matters" constituted IIED).

Also like the IIED claim in *Thomas*, Jackson's pleading makes clear that whether Texas Stevedoring mishandled the disciplinary process depends on the interpretation of certain provisions of the CBA. *See* Dkt. 1 ¶¶ 4.6, 4.7 (alleging that the CBA required Jackson's co-worker to be suspended for thirty days, whereas the co-worker was suspended for seven days with pay); *Thomas*, 39 F.3d at 619 (holding IIED claim was preempted because "[t]o determine whether LTV's conduct was wrongful under the circumstances, an analysis of the collective-bargaining agreement is necessary"); *see also Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635-36 (5th Cir. 1994) (holding that IIED claim was preempted when it required analyzing employer's obligations under a collective bargaining agreement) (citing*, inter alia, Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1253 (5th Cir. 1990)). Jackson's claim is therefore preempted by the LMRA and should be dismissed.

## Conclusion

It is therefore **RECOMMENDED** that Defendant Texas Stevedoring Services, LLC's Motion for Judgment on the Pleadings (Dkt. 9) be **GRANTED IN PART** and **DENIED IN PART.** Accordingly, Plaintiff Florence Jackson's claim for intentional infliction of emotional distress should be **DISMISSED**, and Texas Stevedoring's request for dismissal of Jackson's claim for breach of

the collective bargaining agreement, which Texas Stevedoring abandoned, should be **DENIED**.

It is further **RECOMMENDED** that the Court **DISMISS**, for lack of subject-matter jurisdiction, Jackson's theory that Texas Stevedoring breached the collective bargaining agreement by failing to suspend her co-worker for thirty days, but conclude that federal question jurisdiction exists under the LMRA over Jackson's alternative breach-of-contract theory that seeks lost wages or benefits.

It is further **RECOMMENDED** that Jackson's motion for entry of default (Dkt. 8) be **DENIED** as moot.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 28, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge